UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM,<br><br>Defendant. | NO. CR23-178 RAJ<br><br>**MOTION TO TEMPORARILY SEAL CASE**<br><br>**(FILED UNDER SEAL)** |

The United States, with the consent of the Defendants, moves for the temporary sealing of the docket in this and a related case which is part of the resolution of a significant criminal investigation by the Department of Justice into the world's largest cryptocurrency exchange, Binance.com. The United States expects Binance Holdings, Ltd. ("Binance") and its chief executive officer ("CEO"), Changpeng Zhao ("Zhao"), to enter guilty pleas to the Informations discussed herein pursuant to plea agreements at the earliest possible opportunity. In addition to the criminal matter, the United States expects Binance to enter into agreements in regulatory investigations. The public announcement of the pleas and related regulatory settlements are likely to have a major effect on the company, its

Motion to Seal - 1
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

customers, and global cryptocurrency markets. To minimize uninformed speculation, market disruption, and harm to third parties, the United States moves to keep the matters briefly sealed and off the public docket until the pleas are entered in this case and in the related case *United States v. Changpeng Zhao.* The Government has conferred with counsel for Defendant Zhao and counsel for Defendant Binance, who consent to the relief sought in this motion and to similar relief sought in the related case.

## BACKGROUND

Defendant Zhao, also known as "CZ," launched the cryptocurrency exchange Binance.com in or around July 2017. Since then, it has grown to become the largest cryptocurrency exchange in the world, with more than 100 million customers in more than 180 countries around the world who buy and sell hundreds of types of virtual assets, in volumes equivalent to about tens of billions of dollars per day. Defendant Binance is registered in the Cayman Islands, has thousands of employees around the world, and hold intellectual property and employment contracts for the operation of Binance.com. Together with a core senior management group, Zhao, as Binance's CEO, primary founder, and majority owner, made the strategic decisions for Binance and the Binance.com exchange and he exercised day-to-day control over their operations and finances.

The Government plans to resolve a long-running criminal investigation into conduct relating to Binance.com, namely Binance's operation of Binance.com in the United States as an unlicensed money transmitting business ("MTB"); Binance's failure to maintain an effective anti-money laundering ("AML") program at Binance.com, in violation of the Bank Secrecy Act ("BSA"); and Binance's violations of U.S. economic sanctions issued pursuant to the International Emergency Economic Powers Act ("IEEPA").

Pursuant to the parties' agreements, the United States has filed separate Informations setting forth the charges to which the Defendants have agreed and are expected to plead guilty. The Government anticipates that, at the first available hearing date, Defendant Zhao will plead guilty to willfully violating and causing Binance.com to

Motion to Seal - 2
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

violate the BSA, in violation of Sections 5318(h), 5322(b), 5322(c), and 5322(e) of Title 31, United States Code, as well as regulations prescribed thereunder, including Section 1022.210 of Title 31, Code of Federal Regulations, as well as Title 18, United States Code, Section 2.

The Government anticipates that, at the first available hearing date, Defendant Binance will plead guilty to (1) conspiring to (a) knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed MTB in violation of Section 1960 of Title 18, United States Code and (b) violate and cause a financial institution to violate the BSA, in violation of Sections 5318(h), 5322(b), 5322(c) of Title 31, United States Code, all in violation of Title 18, United States Code, Sections 371 and 2; (2) conducting, controlling, managing, supervising, directing, and owning all or part of an unlicensed MTB affecting interstate and foreign commerce—that is, Binance.com—which failed to comply with the MTB registration requirements of Section 5330 of Title 31, United States Code, and regulations prescribed thereunder, including Section 1022.380 of Title 31, Code of Federal Regulations, in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(B), and 2; and (3) knowingly and willfully caused the exportation, sale, and supply, directly and indirectly, from the United States, and by a United States person, wherever located, of services to Iran, without first having obtained the required authorization or license from the U.S. Department of the Treasury Office of Foreign Assets Control, in violation of Title 50, United States Code, Section 1705; and Title 31, Code of Federal Regulations, Sections 560.204, 560.410, and 560.427.

On the day of the plea hearings, the Government anticipates that the criminal resolutions with Defendant Zhao and Defendant Binance will be announced simultaneously with significant civil resolutions by the U.S. Department of the Treasury Office of Foreign Assets Control ("OFAC"), the U.S. Department of the Treasury Financial Crimes Enforcement Network ("FinCEN"), and the Commodity Futures Trading Commission ("CFTC"). While the CFTC has filed a civil complaint against Zhao, Binance,

Motion to Seal - 3
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and other defendants, the Government has yet to disclose any information publicly about the criminal investigation, and Treasury has not disclosed any information publicly about the civil enforcement investigations by OFAC and FinCEN. There has been no public commentary on the expected total fine and penalty amount, the alleged facts, or the criminal allegations set forth in the Informations against Defendant Zhao or Defendant Binance.

## LEGAL STANDARD

"It is well-settled that federal courts have inherent authority to control papers filed with the court." *United States v. Mezquita Vega*, 2023 WL 7129770, at *1 (W.D. Wash. Oct. 30, 2023) (citing *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003)); *see also United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987) ("The district court has the inherent power to seal affidavits filed with the court in appropriate circumstances.").[1] When deciding to seal court filings, courts "must consider the two qualified rights of access to judicial proceedings and records recognized by the Ninth Circuit – the First Amendment right of access to criminal proceedings and documents there in, and the common law right to inspect and copy public records and documents, including judicial records and documents." *United States v. Collins*, 2020 WL 6874873, at *1 (W.D. Wash. Nov. 23, 2020) (citing *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017)).

The First Amendment and common law rights to access court filings and proceedings create a "strong presumption" in favor of openness and access. *Doe*, 870 F.3d at 998 (First Amendment); *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (common law). Parties in a criminal proceeding can rebut the presumption under the First Amendment by showing "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Doe*, 870 F.3d at 998 (citing *Oregonian Pub. Co. v. U.S.*

---

[1] The Ninth Circuit also "allows the presumptive sealing of documents attached to a motion to seal while district courts consider whether the documents should be made public." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017).

Motion to Seal - 4
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Dist. Court for Dist. of Oregon*, 920 F.2d 1462,1466 (9th Cir. 1990)). Similarly, under the common law right of access "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). Any court ruling must be supported by specific factual findings. *Doe*, 870 F.3d at 998. Because the First Amendment right to access is stronger than the common law right, a party seeking to seal a filing or proceeding need only meet the former standard. *See United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1197 n.7 (9th Cir. 2011). When a district court seals documents or proceedings, "it must be no greater than necessary to protect the interest justifying it," and sealed documents "must be released when the danger of prejudice has passed." *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982).

In criminal cases, courts have found compelling reasons exist to protect uncharged third parties by sealing documents that could cause them harm, *see, e.g.*, *United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 785 (W.D. Wash. Dec. 12, 2019) (sealing exhibits that fell within the scope of a protective order and the release of which could cause irreparable harm to potential witnesses); *United States v. Garg*, 2021 WL 2012584, *4 (W.D. Wash. May 20, 2021) (sealing exhibits to protect against "harm to potential witnesses and other persons" by disclosure of "highly sensitive personal and medical information")), including economic harm, *see Brooklier*, 685 F.2d at 1171 ("[T]he public's right to access to criminal proceedings may be limited in some circumstances to protect private property interests.").

Indeed, while the Government does not here seek the closure of the plea hearings themselves, the Ninth Circuit has recognized that it is within the discretion of the district

Motion to Seal - 5
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

court to temporarily close plea hearings. *In re Copley Press, Inc.*, 518 F.3d 1022, 1026-28 (9th Cir. 2008); *Oregonian Pub. Co.*, 920 F.2d at 1466.[2]

## ARGUMENT

Temporarily sealing this case and all filings serves compelling interests of the Defendant and of third parties who may suffer economic harm from market instability that would be caused by the uncoordinated disclosure of the potentially market-moving fact of the charges against the Defendants without the full context revealed in the plea documents and coordinated settlements of regulatory action. These interests would very likely be harmed absent a temporarily sealing of this case and, based on the unique circumstances of this case, no alternative to a limited sealing would adequately protect these compelling interests. Further, this request for temporary sealing, until the time of the plea hearings themselves, is limited to the extent necessary to serve these compelling interests.

The Government's requested relief serves two primary compelling interests. First, while the government anticipates that Defendant Zhao and Defendant Binance will enter into plea agreements and plead guilty, the documents have not been finalized and both Defendant Zhao and Defendant Binance have the option to choose not to enter into the agreements. As a result, the Government (with Defendant Zhao's and Defendant Binance's consent) requests temporary sealing of the case and docket to not publicly disclose the existence of a potential case against Zhao or Binance until the commencement of the plea hearings. As noted above, Defendant Zhao consents to this requested relief in this case, and Defendant Binance also consents to a similar request to temporarily seal the case that is being filed today in its related criminal case.

Second, absent temporary sealing of the filed Information and the docket, there is significant potential for confusion and uncertainty. While Binance is not a publicly traded

---

[2] Because the Defendant consents to this motion, the Sixth Amendment right to a public trial is not implicated by the requested relief. *United States v. Allen*, 34 F.4th 789, 795 (9th Cir. 2022) (citing *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 380 (1979)).

Motion to Seal - 6
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  company, Binance is the largest cryptocurrency exchange in the world and news related to
2  Zhao and Binance's criminal and civil liability is likely to have a significant effect on
3  trading of various cryptocurrencies. This is especially true for "Binance Coin," known as
4  the BNB token, which has a market capitalization of more than $37 billion and is
5  inextricably associated with both Binance and Zhao. As a recent comparison, following the
6  indictment of Samuel Bankman-Fried and the collapse of cryptocurrency exchange FTX,
7  the global cryptocurrency market lost billions of dollars in value, resulting in significant
8  financial losses to innocent third parties, and other cryptocurrency exchanges saw
9  significant customer withdrawals and losses, leading to employee layoffs.

10         If the plea documents or the case itself are disclosed prior to the plea hearing, a
11 substantial risk exists that participants in cryptocurrency markets and broader financial
12 markets would act based on incomplete information and cause harm to innocent third
13 parties. Cryptocurrency markets are volatile, subject to significant swings based on external
14 events. Here, given the status that Binance and Zhao have among participants in the
15 cryptocurrency and related markets, even the simple docketing of a federal criminal case
16 against either would by itself have a significant market impact. While a market impact of
17 a resolution of this magnitude is expected, it should be based on complete information—
18 that information will be available to the public on the day of Defendant Zhao's and
19 Defendant Binance's plea hearings, but not before.

20         The Government's request to temporarily seal this case and all filings will serve the
21 compelling interest of protecting the defendants and innocent third parties but is narrowly
22 tailored to protect the public's right of access. Indeed, the Government requests that the
23 public have access to all of the information and documents on this docket within days of
24 the filing of the Informations. Moreover, the Government is requesting that the docket and
25 all filings be unsealed immediately prior to the anticipated plea hearings, which would
26 allow the public to access those documents and then attend those public proceedings.
27

Motion to Seal - 7
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Temporary sealing of that nature does not meaningfully harm the public's First Amendment right to access these proceedings.

Limited sealings are common to temporarily protect the interests of the Government, defendants, and third parties. In *Copley*, for example, the Ninth Circuit noted that "the district court at first found that the government's interest in the safety of the [defendant] and others was compelling" and determined that "closure was the only way to protect them." 518 F.3d at 1028. But later, "after the government took steps to reduce the danger," the district court found that "'compelling reasons no longer exist[ed]' for sealing these documents and ordered them unsealed." *Id.* The *Copley* court largely affirmed the district court's decision, only finding an abuse of discretion as to the district court's planned disclosure of certain documents without redacting certain specific information. *Id.* In this case, "the danger of prejudice" to Defendant Zhao and Defendant Binance and to third parties trading in cryptocurrency markets will have passed on the date when a coordinated announcement can be made. *See, e.g.*, *Brooklier*, 685 F.2d at 1172 (a district court's sealing of documents and proceedings "must be no greater than necessary to protect the interest justifying it," and sealed documents "must be released when the danger of prejudice has passed").

Finally, the Government notes that in complex corporate criminal and regulatory resolutions (including resolutions with individual company executives), courts across the country have followed this procedure, in which the dockets remain sealed and the defendants' names are not publicly announced until the date of their plea hearings when all materials are unsealed and made available to the public. *See, e.g.*, *United States v. British American Tobacco P.L.C. and British-American Tobacco Marketing (Singapore) Private Limited*, 23-cr-118-BAH (D.D.C. Apr. 10, 2023) (Dkt. 5) (finding compelling governmental interest to seal the criminal Information and delay public docketing of the case to prevent "financial harm due to market uncertainty" and allowing for "coordinated disclosure by the Department of Justice and other government agencies"); *United States v.*

Motion to Seal - 8
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Lafarge S.A. and Lafarge Cement Syria S.A.*, 22-cr-444-WFK (E.D.N.Y. Oct. 11, 2022) (Dkt. 3) (sealing docket temporarily until date of plea hearings to not "publicly disclose the existence of a potential case against these defendants until their agreements to waive indictment and proceed are finalized" and to prevent "significant adverse collateral consequences" for the defendants' publicly traded parent company).

In light of the circumstances above, the United States of America respectfully requests that the documents in this case be temporarily sealed until the day of the plea hearing at the time of the plea hearing unless the Court, upon motion of the Government for good cause, orders an extension of the Order.

Motion to Seal - 9
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 14th day of November, 2023.

| | |
|---|---|
| MARGARET A. MOESER<br>Acting Chief<br>Money Laundering and Asset Recovery<br>Section, Criminal Division<br>U.S. Department of Justice | TESSA M. GORMAN<br>Acting United States Attorney<br>Western District of Washington<br>U.S. Department of Justice |
| /s Kevin Mosley<br>_____<br>Kevin G. Mosley<br>Elizabeth R. Carr<br>Trial Attorneys | /s Michael Dion<br>_____<br>Michael Dion<br>Assistant United States Attorney |

JENNIFER KENNEDY GELLIE
Acting Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

/s Beau D. Barnes
Beau D. Barnes
Alex Wharton
Trial Attorneys

Motion to Seal - 10
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, I served this filing upon counsel for Defendant by email.

/s Michael Dion
MICHAEL DION
Assistant U.S. Attorney
U.S. Attorney's Office

Motion to Seal - 11
*United States v. Binance*, USAO#2019R00100

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970