The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-178 RAJ |
| Plaintiff, | |
| v. | **NOTICE OF THE PARTIES IN ADVANCE OF SENTENCING** |
| BINANCE HOLDINGS LIMITED, d/b/a BINANCE.COM, | |
| Defendant. | |

The parties hereby provide notice to the Court of certain nonmaterial changes to the plea agreement. These revisions reflect Department of Justice accounting changes only; they do not affect any material terms of the plea, Defendant's rights, or the sentence agreed to by the parties. No action by the Court is required.

The revisions agreed to by the parties change the manner in which the United States will credit penalties paid by Defendant to the Commodity Futures Trading Commission ("CFTC"), the Financial Crimes Enforcement Network ("FinCEN"), and the Office of Foreign Assets Control ("OFAC"). While the plea agreement provided that the United States would credit the payment of these penalties against the criminal fine to be imposed in this case, the United States now intends to credit the payment of these penalties against

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the forfeiture money judgment to be ordered with respect to Count 2 of the Information as well as the criminal fine.

The revised language is attached here as Addendum A. The parties agree that this language shall become part of the Plea Agreement and shall replace the relevant paragraphs of the Plea Agreement filed on November 21, 2023 (ECF No. 23). Addendum A shall become Addendum A to the Plea Agreement and shall be incorporated by agreement of the parties.

For the Court's convenience, attached here as Addendum B is a redline showing changes from the Plea Agreement filed on November 21, 2023 (ECF No. 23).

DATED this 11th day of December, 2023.

**FOR THE DEFENDANT:**

/s Binance Holdings Limited
BINANCE HOLDINGS LIMITED
Defendant

/s Stephanie Brooker
STEPHANIE BROOKER
M. KENDALL DAY
POONAM G. KUMAR
Counsel for Defendant

/s Jeffrey B. Coopersmith
JEFFREY B. COOPERSMITH
Counsel for Defendant

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**FOR THE DEPARTMENT OF JUSTICE:**

MARGARET A. MOESER
Acting Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

/s Kevin G. Mosley
Kevin G. Mosley
Elizabeth R. Carr
Trial Attorneys

JENNIFER KENNEDY GELLIE
Acting Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

/s Alex Wharton
Alex Wharton
Beau D. Barnes
Trial Attorneys

TESSA M. GORMAN
Acting United States Attorney
Western District of Washington
U.S. Department of Justice

/s Michael Dion
Michael Dion
Assistant United States Attorney

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Addendum A**

The parties agree that this addendum shall become Addendum A to the Plea Agreement and shall be incorporated and replace paragraphs 14a, 16, and 24 of the Plea Agreement filed on November 21, 2023 (ECF No. 23).

14a. <u>Criminal Fine</u>. The parties agree the appropriate sentence of a fine is a fine of $1,805,475,575 ("Criminal Fine"). This reflects a twenty (20) percent discount off the bottom of the applicable Sentencing Guidelines fine range for Defendant's partial cooperation and remediation. Defendant agrees to pay the Criminal Fine on the schedule set forth below in Paragraph 24. The Offices will credit $300,000,000 of the penalty that Defendant pays to FinCEN or OFAC in connection with parallel resolutions entered into between the Defendant and FinCEN or OFAC by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine (the "Treasury Fine Credit"). Should Defendant not pay any portion of the Treasury Fine Credit to FinCEN or OFAC within fifteen months from the sentencing of the Defendant for any reason, Defendant will pay the remaining portion of the Criminal Fine to the U.S. Treasury within ten business days.

16. Defendant further agrees to forfeit to the United States its right, title, and interest in any property, real or personal, involved in its commission of conducting an unlicensed MTB, as charged in Count 2 of the Information. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and includes, but is not limited to, a money judgment of least $1,612,031,763, which Defendant admits it collected in fees for transactions involving its United States users and includes, but is not limited to, a sum of money reflecting the proceeds Defendant obtained from this offense (the "1960 Money Judgment"). The Offices will credit $950,000,000 of the penalty that Defendant and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the 1960 Money Judgment (the "CFTC Credit"). The Offices will credit $550,000,000 of the penalty that Defendant pays to FinCEN or OFAC in connection with parallel resolutions entered into between the Defendant and FinCEN or OFAC by the end of fifteen months from the sentencing of the Defendant against the 1960 Money Judgment (the "Treasury Forfeiture Credit"). Should Defendant and/or Zhao not pay any portion of the CFTC Credit or the Treasury Forfeiture Credit to the CFTC, FinCEN, or OFAC within fifteen months from the sentencing of the Defendant for any reason, Defendant will forfeit to the United States the remaining portion of the 1960 Money Judgment within ten business days.

**24.    Payment Terms.** The Defendant agrees to pay the Total Money Judgment and Criminal Fine as follows:

- No later than 30 days after the Defendant's sentencing, payment of $898,618,825, the IEEPA Money Judgment;

- No later than 6 months after the Defendant's sentencing, payment of $1,612,031,763 of the Criminal Fine, subject to the crediting set forth in Paragraph 14(a); and

- No later than 15 months after the Defendant's sentencing, payment of the remainder of the Criminal Fine and the 1960 Money Judgment, subject to the crediting set forth in Paragraphs 14(a) and 16.

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Addendum B

Below is a redline of paragraphs 14a, 16, and 24 as submitted in the plea agreement filed on November 21, 2023 and the revised language agreed to by the parties.

14a. <u>Criminal Fine</u>. The parties agree the appropriate sentence of a fine is a fine of $1,805,475,575 ("Criminal Fine"). This reflects a twenty (20) percent discount off the bottom of the applicable Sentencing Guidelines fine range for Defendant's partial cooperation and remediation. Defendant agrees to pay the Criminal Fine on the schedule set forth below in Paragraph 24. ~~The Offices will credit $950,000,000 of the penalty that Defendant and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine (the "CFTC Credit").~~ The Offices will credit ~~$850,000,000~~ <u>$300,000,000</u> of the penalty that Defendant pays to FinCEN or OFAC in connection with parallel resolutions entered into between the Defendant and FinCEN or OFAC by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine (the "Treasury <u>Fine</u> Credit"). Should Defendant not pay any portion of ~~the CFTC Credit or~~ the Treasury <u>Fine</u> Credit to ~~the CFTC,~~ FinCEN or OFAC within fifteen months from the sentencing of the Defendant for any reason, Defendant will pay the remaining portion of the Criminal Fine to the U.S. Treasury within ten business days.

16. Defendant further agrees to forfeit to the United States its right, title, and interest in any property, real or personal, involved in its commission of conducting an unlicensed MTB, as charged in Count 2 of the Information. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), and includes, but is not limited to, a money judgment of least $1,612,031,763, which Defendant admits it collected in fees for transactions involving its United States users and includes, but is not limited to, a sum of money reflecting the proceeds Defendant obtained from this offense

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<u>(the "1960 Money Judgment"). The Offices will credit $950,000,000 of the penalty that Defendant and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the 1960 Money Judgment (the "CFTC Credit"). The Offices will credit $550,000,000 of the penalty that Defendant pays to FinCEN or OFAC in connection with parallel resolutions entered into between the Defendant and FinCEN or OFAC by the end of fifteen months from the sentencing of the Defendant against the 1960 Money Judgment (the "Treasury Forfeiture Credit"). Should Defendant and/or Zhao not pay any portion of the CFTC Credit or the Treasury Forfeiture Credit to the CFTC, FinCEN, or OFAC within fifteen months from the sentencing of the Defendant for any reason, Defendant will forfeit to the United States the remaining portion of the 1960 Money Judgment within ten business days.</u>

**24.   Payment Terms.** The Defendant agrees to pay the Total Money Judgment and Criminal Fine as follows:

- No later than 30 days after the Defendant's sentencing, payment of $898,618,825, the IEEPA Money Judgment;

- No later than 6 months after the Defendant's sentencing, payment of $1,612,031,763 <u>of the Criminal Fine, subject to the crediting set forth in Paragraph 14(a)</u>~~the 1960 Money Judgment~~; and

- No later than 15 months after the Defendant's sentencing, payment of ~~$1,805,475,575~~, the <u>remainder of the</u> Criminal Fine <u>and the 1960 Money Judgment</u>, subject to the crediting set forth in Paragraph<u>s</u> 14(a) <u>and 16</u>.

Notice of the Parties in Advance of Sentencing
*United States v. Binance*, CR23-178RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970