UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED,<br><br>Defendant. | NO. CR23-178RAJ<br><br>**DEFENDANT BINANCE HOLDINGS LIMITED'S SENTENCING MEMORANDUM**<br><br>Sentencing Date: February 23, 2024<br>11:00 a.m. |

On November 21, 2023, pursuant to an authorization executed by its shareholder Changpeng Zhao ("Mr. Zhao"), Binance Holdings Limited ("BHL") entered into a coordinated, multi-agency resolution resolving charges with the Department of Justice ("DOJ" and "Department") and claims by the Commodity Futures Trading Commission ("CFTC"), the Department of Treasury's Financial Crimes Enforcement Network ("FinCEN"), and Office of Foreign Assets Control ("OFAC") (collectively, the "Agencies") arising out of the Agencies' investigation into violations of the Bank Secrecy Act, statutory failures to register, and the International Emergency Economic Powers Act ("IEEPA"). The terms of BHL's resolution with DOJ are memorialized in the Plea Agreement filed on November 21, 2023 (Dkt. No. 23), and amended thereafter

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 1

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

on December 11, 2023 (Dkt. No. 28) (collectively, the "Plea Agreement"). By Order dated December 6, 2023 (Dkt. No. 26), the Court accepted BHL's plea of guilty, "subject to consideration of the Plea Agreement pursuant to Fed. R. Crim. P. 11." For the reasons set forth herein, BHL respectfully requests that the Court accept the binding Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and sentence BHL in accordance therewith. Specifically, the parties have agreed that the appropriate sentence consists of: (1) $4.316 billion in monetary penalties (in the form of a criminal fine and forfeiture); (2) a mandatory special assessment of $1200; and (3) a three-year term of probation (the "Stipulated Sentence"). Dkt. No. 23, ¶ 14. For the reasons set forth below, this sentence is justifiable in light of the relevant facts, including the nature of the underlying offenses and the extensive remediation BHL has undertaken, and the Court should accept the Plea Agreement.

## I. Factual Background

On November 21, 2023, pursuant to the written Plea Agreement, BHL pled guilty to (1) conspiracy to conduct an unlicensed money transmitting business ("MTB"), in violation of Title 18, United States Code, Sections 1960(a) and 1960(b)(1)(B), and to fail to maintain an effective anti-money laundering ("AML") program under Title 31, United States Code, Sections 5318(h) and 5322, in violation of Title 18, United States Code, Section 371; (2) conducting an unlicensed MTB, in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(B), and 2; and (3) violating IEEPA, under Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Part 560 et seq. Dkt. No. 23, ¶ 2.

In the Plea Agreement, the parties stipulated to a statement of facts. Dkt. No. 23-1. BHL admitted that, starting in August 2017 and continuing until October 2022 (the "relevant period"), it operated an unlicensed MTB. Dkt. No. 23-1, ¶ 1. As to the IEEPA charge, BHL acknowledged that, during the relevant period, there was a significant

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 2

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

number of users from certain countries and regions subject to comprehensive U.S. sanctions who were trading on its platform, a substantial number of the users trading on its platform were U.S. users, and its matching engine would cause U.S. users to transact with users in comprehensively sanctioned jurisdictions because it did not implement sufficient controls to prevent such transactions from occurring. Dkt. No. 23-1, ¶ 63.

The Plea Agreement also recognizes the "significant steps" BHL has taken "to remediate its AML and sanctions compliance programs." Dkt. No. 23, ¶ 8(g). These steps began in the years before the Plea Agreement and prior to the October 2022 end of its relevant period, and each was taken at the direction of Mr. Zhao. The Plea Agreement recognizes that BHL:

- "Began implementing geofencing measures in late 2019, and continued to improve its controls by using a variety of location-detection tools, including IP address, phone number, and mobile carrier." *Id.* ¶ 8(f)(i).
- "Began restricting accounts for a number of known U.S. users prior to notice of the Offices' investigation." *Id.* ¶ 8(f)(ii).
- "Changed its terms of service to require all new users to submit to full know your customer procedures in August 2021." *Id.* ¶ 8(f)(iii).
- "Implemented full KYC requirements for all direct account holders by May 2022, including the use of recognized third-party vendors to verify identity and assess customer risk." *Id.* ¶ 8(f)(iv).
- "Began restricting accounts for users subject to U.S. sanctions." *Id.* ¶ 8(f)(v).
- "Invested significant financial resources in improvements to defendant's AML and countering the financing of terrorism ('CFT') programs, including by replacing ineffective compliance staff with experienced employees and significantly increasing compliance head count." *Id.* ¶ 8(f)(vi).

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 3

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

- "Implemented enterprise-wide AML/CFT and sanctions risk assessments beginning in November 2022." *Id.* ¶ 8(f)(vii).
- "Implemented Financial Action Task Force standards for AML and KYC." *Id.* ¶ 8(f)(viii).
- "Improved Defendant's enhanced due diligence ('EDD') program in November 2022 to cover, among other things, politically exposed persons ('PEPs'), high-risk users, applicants for limit increases, unusual corporate structures, and unusual transaction activity." *Id.* ¶ 8(f)(ix).
- "Improved employee AML/CFT training." *Id.* ¶ 8(f)(x).
- "Increased investment in real-time and post transaction monitoring including by increasing head count, enhancing internal tools, and employing recognized third-party vendors—such as blockchain analytics vendors—to scan user transactions and profiled." *Id.* ¶ 8(f)(xi).
- "Updated Defendant's sanctions policy in November 2022, improving customer due diligence ('CDD'), screening, offboarding, account blocking, risk assessments, and sanctions reporting." *Id.* ¶ 8(f)(xii).
- "Developed and implemented a comprehensive framework designed to determine the nationality of enterprise users." *Id.* ¶ 8(f)(xiv).
- "Initiated an extensive historical review to identify and offboard U.S. enterprise users from the platform." *Id.* ¶ 8(f)(xv).
- And "[a]s part of its resolution of parallel investigations by U.S. regulatory agencies, committed to additional remediation." *Id.* ¶ 8(f)(xvi).

In addition to these remedial measures, the Plea Agreement recognized BHL's cooperation, for which the government agreed a 20% reduction off of the low-end Guideline Range was appropriate. These cooperative efforts were too undertaken at the direction of Mr. Zhao. These efforts included "investigating facts and obtaining

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 4

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

information as requested by" DOJ; producing voluntarily a "significant amount of documents located outside of the United States"; "collecting and producing voluminous evidence and information to the Offices"; and "providing detailed analysis of complex, on platform cryptocurrency transactions." *Id.* ¶ 8(c).

In its submission, the government makes a number of claims about the Company's former CEO, Mr. Zhao, including that he "built Binance as a company that attempted to operate outside the jurisdiction of any government." The government takes liberties in making statements that are unsupported by the Statement of Facts in either Mr. Zhao's or the Company's plea agreement. *See* Dkt. No. 23-1, and Dkt. No. 23; Plea Agreement, *United States v. Changpeng Zhao et al.*, 23-cv-179 (W.D. Wash. November 21, 2023). Among other things, the government well knows that in the years leading up to this resolution, BHL and its sister corporate entities had obtained licenses in more than a dozen foreign jurisdictions. Further, as noted above, all of the compliance enhancements and remediation actions listed in the Plea Agreement, including those initiated in the years prior to that Agreement, were taken at Mr. Zhao's direction while he was CEO of BHL. Dkt. No. 23, ¶ 8. These measures and other aspects of the Company's approach to compliance (e.g., the safety of user assets) are a leading reason why Binance remains the safest, most secure digital asset exchange in the world. Any attempts to characterize Mr. Zhao and his role here differently, or to assign to him conduct outside of the Statements of Facts, are a distraction for the Court in a corporate sentencing with agreed terms and stipulated facts, particularly when Mr. Zhao is not a party to this proceeding.

## II. The Plea Agreement

The Plea Agreement is a binding plea agreement entered into pursuanto Federal Rule of Criminal Procedure Rule 11(c)(1)(C).[1] The Stipulated Sentence has two

---

[1] Pursuant to the Plea Agreement, the parties have waived the preparation of a Pre-Sentence Investigation Report. Dkt. 23, ¶ 14(e).

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 5

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

principal components: (1) a monetary penalty and (2) a three-year term of probation.

A. *Monetary Penalty*

The parties have stipulated to the monetary components of the Stipulated Sentence, which include a criminal fine, a forfeiture amount, and a special assessment. The special assessment is $1200, as required by statute. *See* 18 U.S.C. § 3013(a)(2)(B).

The parties have stipulated to the calculation of the criminal fine. *First*, the Government and BHL have agreed on a culpability score of seven (7), which corresponds to a multiplier of 1.4 to 2.8. *Second*, the Government and BHL have agreed on a base fine of $1,612,031,763, representing the pecuniary gain obtained by BHL as a result of the offense. Applying the multiplier (1.4 to 2.8) to this base fine results in an applicable fine range of $2,256,844,468 to $4,513,688,936. Dkt. No. 23, ¶ 13. The parties have agreed that a 20% discount from the low end of the Sentencing Guidelines is appropriate due to the Company's cooperation and remediation, resulting in a fine of $1,805,475,575. Dkt. No. 23, ¶ 14. The 20% discount from the low-end of the range is part of a policy framework first issued by the Justice Department in 2016 and periodically expanded and updated to create specific incentives for Companies to cooperate with and voluntarily resolve investigations.[2]

In addition to the criminal fine, BHL has consented to, and the Court has entered, an Order of Forfeiture requiring payment of a money judgment in the amount of $2,510,650,588, which is comprised of $1,612,031,763 in forfeiture attributable to the 18 U.S.C. § 1960 charge and $898,618,825 in forfeiture attributable to the IEEPA charge. Dkt. No. 31; Dkt. No. 23, ¶ 14(b). Thus, the total financial payment to be imposed as a result of the Plea Agreement is $4,316,126,163. That amount is payable in installments,

---

[2] 9-46.120 – Criminal Division Corporate Enforcement and Voluntary Self Disclosure Policy, DOJ (Jan. 2023), *available at* https://www.justice.gov/media/1268756/dl?inline.

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 6

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

with the amounts and deadlines specified in the payment terms portion of the Agreement. Dkt. No. 23, ¶ 24.

B. *Probationary Terms*

In addition to the monetary penalty, the parties have agreed to a three-year term of probation. During this probationary period, BHL has agreed to the imposition of a number of significant terms. With authorization from its shareholder Mr. Zhao, BHL has agreed that it will:

- continue to enhance its AML and sanctions compliance programs, including by ensuring that these programs satisfy the elements set forth in Attachment C to the Plea Agreement (Dkt. No. 23-3);
- continue to cooperate with DOJ as described in paragraph 25 of the Plea Agreement (Dkt. No. 23);
- retain an independent compliance monitor (the "Monitor") as set forth in Attachment D to the Plea Agreement (Dkt. No. 23-4); and
- promptly report to DOJ any evidence or allegation of a criminal violation of U.S. federal law, as described in paragraph 26 of the Plea Agreement (Dkt. No. 23).

In addition, Mr. Zhao stepped down from his management role and BHL named a new CEO. *Id.* ¶ 8(f)(xiii).

## III. The Stipulated Sentence Is Appropriate

The Stipulated Sentence is reasonable, and BHL respectfully requests that the Court sentence BHL accordingly. Of course, should the Court reject the Plea Agreement, both parties have retained the option to withdraw from the Plea Agreement. Dkt. No. 23, ¶ 14 ("If the sentencing Court rejects the agreement of the parties regarding the appropriate sentence, both [BHL] and [DOJ] reserve the right to withdraw from [the] [Plea] Agreement pursuant to Rule 11(c)(1)(C) . . . and proceed to trial.").

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 7

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

The factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the Stipulated Sentence, which combines a significant criminal penalty with a commitment by BHL to continue to enhance its compliance program and internal controls under the supervision of an independent compliance monitor. The Stipulated Sentence aligns with the calculated Guideline range and is appropriate given the nature and circumstances of the offense; the history and characteristics of BHL; and the need for deterrence for similar conduct.

A. *The Stipulated Sentence Aligns with the Calculated Guideline Range*

As set forth above, the monetary penalty includes a criminal fine and forfeiture judgment. Taken together, this monetary penalty of $4,316,126,163 is within the Guidelines range of $2,256,844,468 to $4,513,688,936.

The criminal fine is justifiably below the Guideline range. As described above, the criminal fine reflects a 20% discount off the bottom of the range. *Id.* ¶ 14. As the parties agreed in the Plea Agreement, this departure from the Guideline range is justified by the company's cooperation and remediation efforts, which included investigating the facts, providing voluminous information to the government, including information stored outside of the United States, making detailed presentations to the offices, and providing detailed analyses of on-platform transactions. *Id.* ¶¶ 8(c); 14. BHL also engaged in the significant remedial measures listed in Section I above. Further, as mentioned previously, the discount is part of a larger DOJ policy initiative to create incentives for corporations to cooperate and remediate.[3]

For these reasons, the monetary component of the Stipulated Sentence aligns with the Sentencing Guidelines and is presumptively reasonable.

B. *The Stipulated Sentence Is Supported by the 3553(A) Factors*

---

[3] 9-46.120 – Criminal Division Corporate Enforcement and Voluntary Self Disclosure Policy, DOJ (Jan. 2023), *available at* https://www.justice.gov/media/1268756/dl?inline.

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 8

**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

In addition to being within the Guidelines range when considered as a whole, the Stipulated Sentence is sufficient to comply with the goals of sentencing. Each of the factors the Court must consider in determining the reasonableness of the Stipulated Sentence support its imposition here.

*Nature and Seriousness of the Offense and Just Punishment.* BHL acknowledges that the offenses of which it has been convicted are serious. The monetary component of the Stipulated Sentence is "one of the largest corporate penalties in U.S. history"[4] and settled "the largest enforcement action in the Treasury's history."[5] The magnitude of the Stipulated Sentence acknowledges the seriousness of the offenses of conviction and provides for just punishment. Further, the Stipulated Sentence appropriately accounts for mitigating factors, including BHL's acceptance of responsibility for its conduct, its cooperation with the Agencies during the course of the investigation, and its meaningful compliance improvements and remediation efforts.

*History and Characteristics of the Defendant.* BHL has no criminal history and has never been prosecuted or convicted of offenses prior to this resolution. The Stipulated Sentence appropriately accounts for this lack of criminal history.

*Adequate Deterrence.* The Stipulated Sentence also serves the goals of specific and general deterrence. BHL has accepted responsibility, Dkt. No. 23, ¶ 13, agreed to pay a significant fine, *id.*, and undergone significant remediation efforts as listed in paragraph 8 of the Plea Agreement and Section I above, *id.* ¶ 8(f). BHL has also agreed to continue to enhance its compliance programs and to the imposition of a monitor to oversee and ensure its compliance with U.S. law. *Id.* ¶ 8(g)(h). Furthermore, BHL has committed to continued cooperation and affirmatively disclosing certain evidence or

---

[4] Statement by Attorney General Merrick Garland, Press Release, U.S. Department of Justice, Binance and CEO Plead Guilty to Federal Charges in $4B Resolution (November 21, 2023), *available at* https://www.justice.gov/opa/pr/binance-and-ceo-plead-guilty-federal-charges-4b-resolution.

[5] Press Conference, Secretary of the Treasury Janet L. Yellen, *available at* https://home.treasury.gov/news/press-releases/jy1926.

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 9

**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

allegations of criminal violations of U.S. law should they arise. *Id.* ¶¶ 25, 26. These provisions of the Plea Agreement ensure specific deterrence and protection from any future crimes. *Id.* ¶ 14.

The Stipulated Sentence also serves the goals of general deterrence. As the government set forth in its own announcement of this resolution, BHL's plea is "historic" and will "send[] an unmistakable message to crypto and defi companies: if you serve U.S. customers, you must obey U.S. law."[6] The sheer size of the financial penalties, coupled with BHL's guilty plea, is strong deterrence to an institution of any size and in particular the cryptocurrency industry.

## IV. CONCLUSION

For the reasons discussed above, BHL respectfully requests that the Court accept the terms of the Plea Agreement in full.

DATED this 16th day of February, 2024.

                                        GIBSON, DUNN & CRUTCHER LLP

                                        */s/ Stephanie Brooker*
                                        Stephanie L. Brooker, admitted *pro hac vice*
                                        Michael Kendall Day, admitted *pro hac vice*
                                        GIBSON, DUNN & CRUTCHER LLP
                                        1050 Connecticut Avenue
                                        Washington, D.C. 20036
                                        sbrooker@gibsondunn.com
                                        kday@gibsondunn.com

                                        Poonam G. Kumar, admitted *pro hac vice*
                                        GIBSON, DUNN & CRUTCHER LLP
                                        333 S. Grand Avenue
                                        Los Angeles, CA 90071
                                        pkumar@gibsondunn.com

---

[6] Statement by Deputy Attorney General Lisa O. Monaco, Press Release, U.S. Department of Justice, Binance and CEO Plead Guilty to Federal Charges in $4B Resolution (November 21, 2023), *available at* https://www.justice.gov/opa/pr/binance-and-ceo-plead-guilty-federal-charges-4b-resolution.

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 10

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539

Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Ph: (206) 625-8600
jcoopersmith@corrcronin.com

*Attorneys for Defendant Binance Holdings Limited*

Defendant Binance Holdings Limited's Sentencing Memorandum
*United States v. Binance Holdings Limited,* CR23-178RAJ- 11

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave NW
Washington, D.C. 20036
Tel (202) 955-8500
Fax (202) 467-0539